## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

    Plaintiff,

    v.

    Civil Action No. TDC-15-0676

NICK SHETH,

    Defendant.

### MEMORANDUM ORDER

On March 11, 2015, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an Application to Confirm Arbitration Award against Defendants Nick Sheth and Alph Omega Property Management, LLC ("Alph Omega"). The award was based on Sheth and Alph Omega's alleged breach of a franchise agreement between the parties, which was signed by Sheth individually and as a representative for Alph Omega. The arbitrator awarded Choice Hotels $307,851.50 in damages comprised of unpaid franchise and other fees, interest on those fees, liquidated damages, and arbitration expenses. Sheth and Alph Omega did not attend or otherwise seek to participate in the August 26, 2014 arbitration hearing.

Sheth was served with the Application on August 5, 2015 but has not filed any response or challenge to it. On August 13, 2015, Choice Hotels voluntarily dismissed its claims against Alph Omega. On September 15, 2015, Choice Hotels filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment against Sheth, the only remaining defendant. On September 16, 2015, the Clerk entered a default against Sheth.

On April 29, 2016, this Court denied Choice Hotels' Motion for Default Judgment without prejudice because Choice Hotels had failed adequately to establish that this Court had jurisdiction over the action. The only jurisdictional basis cited in Choice Hotels' Application was the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2012). The Court explained that the FAA is not an independent source of federal question jurisdiction, and that, based on the allegations in the Application, Choice Hotels' case could proceed only under diversity jurisdiction, 28 U.S.C. § 1332 (2012). The Court noted that while the Application caption provided addresses for the parties that suggested they were diverse, Choice Hotels nowhere expressly averred that the requirements of diversity jurisdiction were met or invoked diversity as a basis for this Court's subject matter jurisdiction. The Court also noted that Choice Hotels' pleading failed to allege facts establishing that the arbitration award to be confirmed arose from a dispute covered by the parties' Franchise Agreement, such that the dispute was properly subject to arbitration. The Court provided Choice Hotels 14 days to file a second Motion for Default Judgment curing these deficiencies.

On May 16, 2016, Choice Hotels filed a Second Motion for Default Judgment ("Second Motion"). In the Second Motion, Choice Hotels asserts that it is incorporated in Delaware and headquartered in Maryland, that Sheth is a citizen of and domiciled in Tennessee, and that the amount in controversy exceeds $75,000. Based on these allegations, Choice Hotels asserts that the requirements of diversity jurisdiction are satisfied. Choice Hotels also clarifies that Sheth and Alph Omega failed to pay franchise and related fees, a failure that constituted a material breach of the Franchise Agreement. In the Second Motion, Choice Hotels seeks the $307,851.50 awarded by the arbitrator, post-judgment interest, and $400.00 for the costs of this action.

Although Sheth was served with the Second Motion for Default Judgment, to date, he has not responded to it, or to any other filing in this case. The Second Motion is now ripe for disposition, and the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Second Motion for Default Judgment is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I.    Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the Fourth Circuit recognizes a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive, *Lawbaugh*, 359 F. Supp. 2d at 422-23 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff must show that it is entitled to confirmation of the arbitration award as a matter of law. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006).

### II.    The Arbitration Award

Choice Hotels appears to have cured the deficiencies in the First Motion. Based on the new allegations, the parties appear to be diverse, and the amount in controversy satisfies the jurisdictional minimum under 28 U.S.C. § 1332(a). The Court is therefore satisfied that it has subject matter jurisdiction over this case. As for whether this case is properly within the scope of the FAA, that statute provides, in part:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, and shall specify the

court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Here, the parties' Franchise Agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." Franchise Agreement ¶ 21, 2d Mot. Default J. Ex. A, ECF No. 18-1. Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision. Although the record does not expressly indicate in which judicial district the arbitration hearing occurred, the Franchise Agreement requires that "[a]ny arbitration will be conducted at [Choice Hotels'] headquarters office in Maryland," *id.*, and the Arbitration Award indicates that the arbitration took place "at the offices of Claimant as provided in the Agreement," Arbitration Award at 1, 2d Mot. Default J. Ex. B, ECF No. 18-2. The Court is therefore satisfied that the requirements of the FAA are also met, such that it may review the arbitration award.

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in

manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or misconduct" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers."   9 U.S.C. § 10(a).   A misinterpretation of a contract, or a misinterpretation of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Choice Hotels alleges, and the arbitrator awarded damages for, a breach of the parties' Franchise Agreement, namely a failure to pay franchise fees.  As noted above, the Franchise Agreement provides that a claim for breach of the agreement is subject to arbitration, so the claims resolved by arbitration were within the scope of the parties' agreement. Although Sheth was served in this case and received notice of the Motion, he has failed to answer Choice Hotels' application or otherwise make a showing of any grounds for vacating the arbitration award. Nor is there anything in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case. *See* 9 U.S.C. § 10(a). Accordingly, the Court will grant the Second Motion for Default Judgment to the extent it seeks confirmation of the arbitrator's award of $307,851.50.

## III.   Post-Judgment Interest and Costs

To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such

post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). Choice Hotels also asks to be awarded $400.00 in costs, presumably the filing fee for this action. Even if Choice Hotels has a legal basis to require Sheth to pay such costs, and it does not identify any, this request must be denied because Choice Hotels did not seek costs of this action in its Application to Confirm Arbitration Award. The Court cannot order a default judgment in an amount higher than what was sought in the pleading initiating the action. Fed. R. Civ. P. 54(c).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Choice Hotels' Second Motion for Default Judgment, ECF No. 6, is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED to the extent it seeks confirmation of the arbitrator's award. The Court therefore enters judgment in favor of Choice Hotels and against Sheth in the amount of $307,851.50, which shall accrue post-judgment interest as specified by statute. The Motion is DENIED to the extent it seeks court costs for this action.


Date: October 18, 2016

THEODORE D. CHUANG
United States District Judge

6